

W E I T Z
&
L U X E N B E R G
A PROFESSIONAL CORPORATION
• LAW OFFICES •

700 BROADWAY • NEW YORK, NY 10003-9536
TEL. 212-558-5500   FAX 212-344-5461
WWW.WEITZLUX.COM

June 3, 2022

*Via ECF*

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

  Re: *Hicks v. L'Oreal USA, Inc.*, **No. 1:22-cv-01989-JPC**

Dear Judge Cronan:

  The undersigned, along with counsel from Seeger Weiss LLP and Turke & Strauss LLP, represents Plaintiffs in the above-captioned matter. Pursuant to Your Honor's Individual Rule 6.A, Plaintiffs submit this letter in response to Defendant's pre-motion letter dated May 31, 2022.

  In this putative class action lawsuit, Plaintiffs allege that Defendant manufactures certain waterproof mascara products using per- and polyfluoroalkyl substances (PFAS) but conceals from consumers that its mascara products contain these substances. PFAS are man-made chemicals that can be absorbed dermally and are toxic to humans at extremely low levels. (*See* Complaint ¶¶ 43-44, Dkt. 1.) The Science Advisory Board of the Environmental Protection Agency recently designated two of the most widely studied PFAS to be a "likely carcinogen." (*Id.* ¶ 39.) The U.S. Department of Health and Human Services has found that related PFAS cause the same adverse human health effects. (*Id.* ¶ 42.)

  In 2021, a peer-reviewed academic study determined that only 3 percent of the foundations, mascaras, and lip enhancer products analyzed by researchers disclosed the presence and use of PFAS, when in reality the use of PFAS in such products is widespread and simply not disclosed to consumers. (*Id.* ¶ 79.) Plaintiffs then conducted independent PFAS testing using a third-party lab and determined numerous waterproof mascara products manufactured by Defendant contained PFAS. (*Id.* ¶ 89.) Although some cosmetic manufacturers disclose the presence of PFAS in certain cosmetic products, none of Defendant's waterproof mascara products identified in the Complaint disclosed that the products contain these toxic PFAS. (*Id.* ¶ 106.) This information is material to a reasonable consumer, including Plaintiffs. (*Id.* ¶¶ 120-22, 129-30.) Indeed, Plaintiffs would not have purchased the waterproof mascara products had Defendant disclosed that they contained PFAS. (*Id.*

220 LAKE DRIVE EAST, SUITE 210 • CHERRY HILL, NJ 08002 • TEL 856-755-1115
1880 CENTURY PARK EAST, SUITE 700 • LOS ANGELES, CA 90067 • TEL 310-247-0921
3011 WEST GRAND BLVD., 24TH FLOOR • DETROIT, MI 48202 • TEL 313-800-4170



¶¶ 122, 130.) Defendant understands as much, assuring its customers that it goes "beyond industry standards" in its manufacturing process and provides the "best [] ingredients . . . in each and every one of its products." (*Id.* ¶ 96.)

Through its affirmative misrepresentations and material omissions, Defendant deceives consumers, including Plaintiffs, into believing they are purchasing a safe, non-toxic waterproof mascara product when, in fact, the waterproof mascara products identified in the complaint are manufactured using toxic PFAS. Accordingly, Plaintiffs claim that Defendant is liable to the putative class for violating various consumer protection statutes, such as New York General Business Law §§ 349-350, breach of express and implied warranty, and unjust enrichment.

Defendant states that it will move to dismiss the complaint on several grounds, including a lack of Article III standing. Although Defendant's letter contains only conclusory assertions in support of its contention, this argument should fail. In the Second Circuit, "any monetary loss" suffered by a plaintiff, however small, is sufficient to establish injury in fact." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). Consumers deceived into purchasing a cosmetic product containing toxic ingredients that they would not have otherwise purchased, or would have paid less for, surpass the low threshold for Article III standing.

Defendant next contends that federal law, in particular the Food and Drug Administration Act (FDCA), expressly preempts Plaintiffs' liability theory. Courts have regularly rejected this contention in false labeling suits. *See, e.g.*, *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757-58 (9th Cir. 2015) (claim that defendant's representations contradicted ingredients on label not preempted); *Potts v. Johnson & Johnson Consumer Inc.*, No. 20-10406 (FLW), 2021 WL 2177386, at *10 (D.N.J. May 28, 2021) (FDCA does not preempt plaintiffs' claim that product label was misleading because it failed to warn of adverse health risks). The FDA itself also disagrees with Defendant's assertion, explaining that it does not approve cosmetics like it does drugs, biologics, and medical devices, and making clear that "[c]ompanies and individuals who manufacture or market cosmetics have a legal responsibility to ensure the safety of their products. Neither the law nor FDA regulations require specific tests to demonstrate the safety of individual products or ingredients."[1]

Defendant states that it will also move to dismiss because the complaint purportedly "fails to state a plausible, objective basis for its underlying theory of consumer expectations." The complaint references numerous representations set forth on Defendant's waterproof mascara labels and in its marketing materials claiming that its products are safe and manufactured with the "best [] ingredients." (*E.g.*, Complaint ¶¶ 94, 96.) Further, Defendant fails to warn or inform consumers that its waterproof mascara products are manufactured using toxic PFAS—an omission material to the reasonable consumer.

Finally, Defendant advises that it will move to dismiss Plaintiffs' remaining claims but provides little explanation for its contentions. Plaintiffs' claims for breach of express and implied warranty and unjust enrichment are well-pled and Plaintiffs will oppose Defendant's motion if one is directed at these claims.

---

[1] FDA Authority Over Cosmetics: How Cosmetics Are Not FDA-Approved, but Are FDA-Regulated, *available at* https://www.fda.gov/cosmetics/cosmetics-laws-regulations/fda-authority-over-cosmetics-how-cosmetics-are-not-fda-approved-are-fda-regulated (last visited June 2, 2022).

Plaintiffs consent to the proposed motion to dismiss briefing schedule set forth in Defendant's letter.

Plaintiffs thank the Court for its time and attention in this matter.

Respectfully submitted,

James Bilsborrow

cc:   All counsel of record (via ECF and electronic mail)