USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/22/2025__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZAIDA HICKS, STEPHANIE VARGAS, SUMNER DAVENPORT, STEPHANIE PINGHERA, KARRIE RUGGIERO, MARJIE SANTIAGO, KATHLEEN SECOR, GWENDOLYN SIMMONS, NANCY SPRING, HEIDI TREMBLY, LISA TURNER, and REBECCA VEGA, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>L'OREAL USA, INC.,<br>        Defendant. | **Civil Action No.: 1:22-cv-01989-JPC-HJR** |
| SONIA CAUCHI and STEPHANIE BRANTON individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>L'OREAL USA, INC.,<br><br>        Defendant. | **Civil Action No.: 1:22-cv-03926-JPC-HJR** |

**[PROPOSED] DISCOVERY CONFIDENTIALITY ORDER AND**
**STIPULATION REGARDING NON-WAIVER OF PRIVILEGES**

  The Parties anticipate that discovery will likely involve production of information that is

confidential, proprietary, or private.  The Parties wish to facilitate the production of Discovery

Material (defined below), facilitate the prompt resolution of disputes over confidentiality, protect

material to be kept confidential, and ensure protection is afforded only to material entitled to such

treatment, pursuant to the Court's inherent authority, its authority under Fed. R. Civ. P. 16 and 26, the judicial opinions interpreting such Rules, and any other applicable law. The Parties further acknowledge, as set forth in subsection 13.5 below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 5.3 sets forth the procedures that must be followed and the standards that will be applied when a person seeks permission from the Court to file material under seal.

## 1.    PARTIES TO THE CONFIDENTIALITY ORDER

**1.1.**    This Discovery Confidentiality Order (hereinafter, the "Order") shall be binding on all Parties and their Counsel, and any other persons or entities who become bound by this Order by signifying their assent though execution of the "Acknowledgment of Understanding and Agreement to Be Bound By Discovery Confidentiality Order" attached as Exhibit A.

## 2.    SCOPE OF THE ORDER

**2.1.**    This Order shall govern the use of Discovery Material produced during discovery in this Action, including documents, depositions, deposition exhibits, and responses to interrogatories and requests for admissions. For purposes of this Order, the Designating Party (defined below) bears the burden of establishing the confidentiality of all such information, documents, materials, or items. All Confidential Information and Highly Confidential Information exchanged pursuant to this Order shall be used by the Receiving Party (defined below) solely for the prosecution or defense of, or the attempt to settle, this Action, shall not be used by the Receiving Party for any other purpose, and shall not be disclosed by the Receiving Party to anyone other than those set forth in Sections 7.2.1 and 7.2.2 below.

**2.2.**    The confidentiality protections conferred by this Order apply to Protected Material (defined below) and also (1) any information copied or directly extracted from Protected Material;

(2) all copies, excerpts, summaries, translations, or compilations of Protected Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover information that is in the public domain at the time it is disclosed to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order. Nevertheless, information that is in the public domain may otherwise be designated as Confidential or Highly Confidential under this Order and subject to the protections of this Order if the Designating Party notifies the other Parties that it believes that the information is in the public domain as a result of improper or unlawful actions and that it either has instituted, or, within 10 calendar days, will institute, steps to protect the information, including attempting to have the information removed from the public domain.

2.3.    This Order and its protections apply for pre-trial purposes only. The Parties will meet and confer at the appropriate time regarding any use of Protected Material at trial, which use shall be governed by a separate agreement or order.

2.4.    Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.  Such disclosure or use by a Producing Party may be the basis of waiver of any protections that may otherwise have been available under this Order.

2.5.    Nothing in this Order prohibits any Receiving Party from using or disclosing, for purposes other than this Action, documents or information that it lawfully obtains outside of this Action or alters any confidentiality restrictions outside of this Action that govern those documents or information.

**2.6.**    Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court, nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**3.**    **DEFINITIONS**

The following definitions apply for purposes of this Order:

**3.1.**    Action: the above-captioned litigation.

**3.2.**    Challenging Party: a Party or Non-Party that challenges the designation of any Discovery Material under this Order.

**3.3.**    Confidential Information: All non-public Discovery Material that contains (a) proprietary or commercially sensitive information that, if disclosed, could harm the Designating Party's business advantage, (b) personal financial information, (c) personal identifying information of the type described in Fed. R. Civ. P. 5.2, (d) material that is confidential pursuant to applicable law, including trade secrets, and/or (e) any other material that the Designating Party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

**3.4.**    Counsel: Outside Counsel of Record for the Plaintiffs and Defendants, and In-House Counsel for Defendants, as well as employees and support staff of these categories of attorneys (including, but not limited to, paralegals, and administrative or clerical personnel).

**3.5.**    Designating Party: a Party or Non-Party that designates documents, information, or items that it produces in disclosures or in responses to discovery as Protected Material.

**3.6.**    Discovery Material: all items, documents or information, including of any Non- Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, answers to interrogatories, documents, responses to requests for

admissions, tangible things, and informal exchanges of information), that are produced or generated in connection with any discovery in this Action, whether formally or informally.

     **3.7.** <u>Expert</u>: a person retained by a Party or its Counsel to serve as an expert witness or consultant or technical advisor in connection with this Action (as well as his or her employees and support staff).

     **3.8.** <u>Highly Confidential Information</u>: Discovery Material that is Confidential Information that the Designating Party reasonably believes to be (i) information reflecting current product design or development, non-public technical research, pricing and business strategy documents concerning particular product(s) or line of products, customer lists, financial statements reflecting sales data, product margin data, cost and expense data and/or profit and loss data, sales information relating to specific customers or classes of customers or suppliers, or non-public scientific research, or (ii) information the disclosure of which absent the protections afforded herein to Highly Confidential Information could create a substantial risk of serious harm that could not be avoided by less restrictive means. Nothing herein precludes any Party from seeking additional protections not currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Information.

     **3.9.** <u>In-House Counsel</u>: attorneys who are employees of one of the Defendants.

     **3.10.** <u>Non-Party</u>: any natural person, partnership, corporation, association, or other governmental or legal entity not named as a Party to this Action, and their counsel.

     **3.11.** <u>Non-Party Protected Material</u>: Discovery Material produced by a Non-Party that a Party or Non-Party has designated as Protected Material as defined in subsection 3.18.

**3.12.** <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but have been retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

**3.13.** <u>Party</u>: any current or future party to this Action.

**3.14.** <u>Personally Identifiable Information</u>: any personal or private information that a Party or Non-Party believes in good faith to be subject to federal or state privacy obligations that would otherwise prohibit the Producing Party from disclosing such information to one or more of the Receiving Parties. Examples of such data protection laws include, but are not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information) and The Health Insurance Portability and Accountability Act and the regulations thereunder, and 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information).

**3.15.** <u>Privileged Material</u>: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other similar privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence, or applicable law, regulation, or statute.

**3.16.** <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

**3.17.** <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, graphic support services, coding, translating, preparing exhibits or demonstrations, document review, and processing, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.18.** <u>Protected Material</u>: Discovery Material (regardless of how it is generated, stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c) and that has

been designated as Confidential Information or Highly Confidential Information in accordance with the provisions of this Order.

**3.19.** <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

**4.** **DURATION**

**4.1.** The confidentiality obligations imposed by this Order shall remain in effect after final disposition of the Action unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.** **DESIGNATING PROTECTED MATERIAL**

**5.1.** If a Producing Party has a good faith belief that Discovery Material qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure and satisfies the definition for Confidential Information or Highly Confidential Information under this Order, the Producing Party may designate such Discovery Material as Confidential Information or Highly Confidential Information by marking such Discovery Material in accordance with subsection 5.4.1. The Producing Party shall designate each page of the document, if practical to do so.

**5.2.** The Producing Party that designates information or items for protection must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practically feasible, the Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

**5.3.** <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, subsection 5.4.4 below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or

produced. The Parties shall make Confidential and Highly Confidential designations in good faith to ensure that only those documents or testimony that merit Confidential or Highly Confidential treatments are so designated. Either designation may be withdrawn by the Designating Party. A Designating Party may revoke its designation of Discovery Material as Confidential Information or Highly Confidential Information by providing another copy of such Discovery Material without the markings required by subsection 5.4.1. The Designating Party must revoke its designation of Discovery Material as Confidential Information or Highly Confidential Information if he, she or it intends to use the material in litigation and determines that such Discovery Material does not contain Confidential Information or Highly Confidential Information. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must (i) revoke its designation; and (ii) promptly notify all other Parties that it is withdrawing the mistaken designation.

  **5.4.** Designation in conformity with this Order requires the following:

    **5.4.1.** <u>Marking</u>. All or any part of a document, image file, tangible thing, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated as Confidential Information or Highly Confidential Information, by branding each page or image with the words, as applicable, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or filing that such tangible item is, or contains, Confidential Information or Highly Confidential Information. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the document. With respect to documents produced in native format and electronically stored information ("ESI"), designation

shall be executed either by branding each page or image, or where more practical, by including the designation in the file's name, electronic tagging, or other similarly conspicuous location.

**5.4.2.** A Designating Party may request a court reporter to separately bind transcript pages containing Confidential Information or Highly Confidential Information with the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") affixed to the relevant pages. Any additional court reporter charges for this treatment of the transcript shall be borne by the Designating Party.

**5.4.3.** A Receiving Party shall exercise good faith efforts to ensure that any copies, print-outs of natively produced documents or data, translations, excerpts, summaries, or compilations include a confidentiality legend that matches the confidentiality designation the Designating Party applied to the document, discovery response, transcript, or pleading.

**5.4.4.** In the event that a Producing Party designates some or all of a witness's deposition or other pre-trial testimony (or related exhibits) as Confidential Information or Highly Confidential Information, such designation may be made on the record of the deposition or hearing or within thirty (30) calendar days after receipt of the final transcript of such deposition or hearing, provided, however, that Counsel will consider reasonable requests for an extension of the deadline. Deposition or pre-trial testimony shall be treated as Highly Confidential until the deadline or, if applicable, extended deadline for designation has expired. After the expiration of that period, the transcript shall be treated only as actually designated.

**5.4.5.** Notwithstanding anything to the contrary in this Order, a party may disclose prior deposition testimony to a witness during his or her deposition in accordance with subsection 7.2.1(d) of this Order. Notwithstanding any other provision in this Order, portions of each transcript containing testimony related to a document containing Protected Material of a Non-Party shall be

treated as Protected Material. Counsel shall exclude from depositions any person who is not authorized by the Order to receive Protected Material or anyone who would be authorized but who refuses to sign the Acknowledgement of Understanding and Agreement to Be Bound by Discovery Confidentiality Order (Exhibit A), but only during periods of examination or testimony directed to or comprising Protected Material.

  **5.5.** For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL."

  **5.6.** <u>Inadvertent Production or Failure to Designate</u>. A Producing Party's accidental or inadvertent disclosure of Protected Material—including Protected Material inadvertently disclosed by failure to redact as set forth in Section 10—does not, in and of itself, waive the confidential status of such information or other protection attached thereto, provided, however, that a failure to timely designate deposition testimony as required by subsection 5.4.4 of this Order (subject to any agreed extensions), even if inadvertent, waives any protection for deposition testimony, except for deposition testimony related to Non-Party Protected Material as provided in Section 6.4. In the event that Protected Material is inadvertently disclosed without appropriate designations, any Party or Non-Party may thereafter reasonably assert a claim or designation of confidentiality, and the Producing Party shall promptly provide replacement media. Thereafter, the Receiving Party must promptly return the original information and all copies of the same to the Producing Party, or destroy the original information and all copies, and make no use of such information. In the event that Protected Material is inadvertently disclosed to any person and such disclosure is not permitted by the terms of this Order, the Party making the inadvertent disclosure will make all reasonable efforts to ensure the

original and all copies of inadvertently disclosed information are not used and are promptly returned or destroyed. No Party shall be found to have violated this Order for failing to maintain the confidentiality of materials during a time when that material has not been designated Protected Material.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    **6.1.**    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a challenge to a designation of confidentiality may be made at any time, and a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the confidentiality designation is made.

    **6.2.**    <u>Form of Challenges</u>. The Challenging Party shall object to the propriety of the designation of specific material as Confidential or Highly Confidential by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific subsection of this Order. Subject to subsection 6.5, the Designating Party or its counsel shall thereafter, within fourteen (14) calendar days, respond to such challenge in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. Counsel may agree to reasonable extensions.  Such challenges do not need to be made at one time as to all Discovery Materials whose confidentiality designations may be subject to challenge.

    **6.3.**    <u>Meet and Confer</u>. The Parties shall promptly attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not

sufficient). A Challenging Party may proceed to the next stage of the challenge process (subsection 6.5) only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

    **6.4.**   Non-Party Protected Material.

    **6.4.1.**  A copy of this Order shall be served along with any subpoena to a third party.

    **6.4.2.**  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in the Party's possession, and the Party is subject to an agreement with the Non-Party not to produce such information, then the Party shall: (1) promptly notify in writing the Party requesting the Protected Material that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party. If the Non-Party fails to object or seek a protective order from the appropriate court within fourteen (14) calendar days (or the notification period contained in any agreement with a Non-Party, whichever is longer) of receiving a notice and accompanying information pursuant to this subsection, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request, and such information shall be produced with the same designation as the one made by the Non-Party.

    **6.4.3.**  The terms of this Order, including the provisions on challenging confidentiality designations set forth in subsections 6.1–6.3, are applicable to all Protected Material produced by any Non-Party in this Action. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

6.4.4.   A Non-Party's use of this Order to designate Protected Material does not entitle that Non-Party to access to any other Protected Material produced by any Party or other Non-Party in this Action.

6.5.   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may move for a determination as to whether the Confidential/Highly Confidential designation is appropriate within fourteen (14) calendar days of impasse. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in subsection 6.3.

6.6.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. While a challenge is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court orders otherwise.

6.7.   Nothing in this Order, including the provisions of this Section, is intended to or shall modify or alter the requirements of Local Rule 5.3 regarding filing material under seal.

7.   <u>**ACCESS TO AND DISCLOSURE AND USE OF PROTECTED MATERIAL**</u>

7.1.   <u>Basic Principles</u>. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in this Action only for prosecuting, defending, or attempting to settle this Action, including any appeal(s), so long as such use is permitted herein, except that the Parties may use information as otherwise authorized by an order of the Court. Any Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. After the final disposition of the Action, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a

Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    **7.2.**    <u>Disclosure of Protected Material</u>. Except as stated in the subsections below, or otherwise ordered by the Court or permitted in writing by the Designating Party, the Parties shall not disclose Protected Material to any other person.

        **7.2.1.**    <u>Disclosures Without Signed Exhibit A</u>. The Parties may disclose or permit the disclosure of Protected Material, without the requirement to sign Exhibit A, to persons within categories listed below.

    (a)    The Receiving Party, as well as officers, directors, and other employees of that Receiving Party or its affiliates, but only to the extent that Counsel determines in good faith that the employee's assistance is reasonably necessary to the prosecution or defense of this Action;

    (b)    Counsel;

    (c)    The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

    (d)    Witnesses in this Action who are officers, directors, or employees of the Designating Party or, during their depositions, witnesses in this Action to whom disclosure is reasonably necessary;

    (e)    The author or recipient of a document containing the information; and

    (f)    Special masters or discovery referees appointed by the Court.

        **7.2.2.**    <u>Disclosures Pursuant to Signed Exhibit A</u>. The Parties may disclose or permit the disclosure of Protected Material to persons within categories listed below provided that each person signs Exhibit A, "Acknowledgment of Understanding and Agreement to Be Bound by

Discovery Confidentiality Order." Counsel for the Party disclosing the Protected Material shall retain all signed acknowledgements for a period of three years after the termination of the Action, including all appeals, and the acknowledgements need not be produced unless the requesting person establishes prima facie evidence of a violation of this Order.

(a)    Consultants, investigators, or Experts retained by the Parties or their Counsel to assist in the prosecution or defense of claims asserted in this Action;

(b)    Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents in this Action, including Professional Vendors;

(c)    Potential witnesses in this Action to whom disclosure is reasonably necessary;

(d)    Mediators and their staff to whom disclosure is reasonably necessary for this Action;

(e)    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action; and

(f)    Outside counsel assisting in the prosecution or defense of claims asserted in the Action, but who do not fall within the definition of Counsel. For law firms serving as outside counsel to a Party, a supervising partner may sign Exhibit A on behalf of the firm's employees and support staff (including, but not limited to, paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel) that are working under his or her direction.

**7.3.** <u>Restrictions on Use of Highly Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Highly Confidential Information only to the persons identified in Sections 7.2.1(b)-(f) and 7.2.2 in accordance with the terms set forth therein, except that disclosure may not be made to a Receiving Party's Expert unless the Expert first signs an undertaking (provided to and retained by Counsel for the Receiving Party) stating that he or she is not currently employed by any Party (excluding any retention for this Action) and that he or she will not use any Protected Materials in connection with any work or services he or she may perform for any entity that competes with any of the Defendants..

**7.4.** <u>Control of Documents</u>. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Material.

**7.5.** <u>Depositions</u>. Counsel for any Designating Party shall have the right to exclude from depositions any person who is not authorized by the Order to receive Protected Material, but only during periods of examination or testimony directed to or comprising Protected Material.

**8.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

**8.1.** If a Receiving Party is served with a discovery request, subpoena, or court order issued in other litigation that compels disclosure of any Protected Material ("Demand"), the Receiving Party must, within ten (10) business days of determining that the request, subpoena, or order seeks Protected Material:

**8.1.1.** Notify in writing the Designating Party unless prohibited by law from doing so. Such notification shall include a copy of the Demand;

**8.1.2.** Notify in writing the party who caused the Demand to issue in the other litigation that some or all of the material covered by the Demand is subject to this Order. Such notification shall include a copy of this Order; and

**8.1.3.**  Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**8.2.**  If the Designating Party timely seeks a protective order, the Receiving Party served with the Demand shall not produce any Protected Material before a determination by the court from which the Demand issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

**9.1.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party (and, if different, the Designating Party) of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve all unauthorized copies of the Protected Material.

## 10. <u>REDACTIONS ALLOWED</u>

**10.1.**  Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (i) Privileged Material or (ii) Personally Identifiable Information of employees, customers, and other third parties, which may include, but is not limited to, Social Security Numbers, driver's license or other identification numbers, personal financial information (such as tax information, bank account numbers, and credit card numbers), insurance claim numbers, and insurance policy numbers. The Producing Party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate, or a comparable notice. Where

a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form, then that unredacted Discovery Material shall continue to receive the protections and treatment afforded to documents bearing the confidentiality designation assigned to it by the Producing Party.

10.2.    No redactions other than those set forth in Section 10.1 shall be made except as provided by agreement of the Parties or court order.

## 11.    DISCLOSED PRIVILEGED MATERIAL

11.1.    This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of Discovery Material in this Action. Any Party or Non-Party that complies with this Order will be deemed to have taken reasonable steps to rectify disclosures of privileged or otherwise protected Discovery Material, provided, however, that nothing in this Section 11 shall be construed to apply (or to preclude an argument or finding of waiver) where a Party or Non-Party has affirmatively used and relied on the Discovery Material at issue.

11.2.    Each Party or Non-Party is entitled to decide the appropriate degree of care to exercise in reviewing materials to determine if they contain information protected by any privilege or protection against disclosure, taking into account the volume and sensitivity of the materials, the demands of the Action, and the resources that the Party or Non-Party can make available.

11.3.    Except as otherwise provided herein, irrespective of the care that is actually exercised in reviewing materials for Privileged Material, if, in connection with this Action, a Producing Party discloses Discovery Material thereafter claimed to be Privileged Material ("Disclosed Privileged

Material"), pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of the Disclosed Privileged Material will not constitute or be deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including, without limitation, the attorney-client privilege or the work product doctrine, that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Material and its subject matter. Any disclosure will also not be deemed a waiver or forfeiture as to any other document or communication, whether concerning the same subject matter or a different subject matter. The Parties will not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this Action, regardless of the procedures used to identify Privileged Material prior to production.

**11.4.** Handling Inadvertently Produced Material.

**11.4.1.** If a Producing Party determines that it has produced Disclosed Privileged Material, the Producing Party will, within seven (7) calendar days of such determination, provide written notice to, as applicable, Plaintiffs' Counsel and/or Defendants' Counsel identifying the Disclosed Privileged Material (by date of production and production number or range, if applicable) ("Disclosure Notice"). Any Party or Non-Party that receives a Disclosure Notice must (a) immediately cease reviewing and using the Disclosed Privileged Material, and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice, (i) use all commercially reasonable efforts to return, sequester, or destroy all copies of the Disclosed Privileged Material, and (ii) notify any Party or Non-Party to whom the Receiving Party has provided the Disclosed Privileged Material that he, she or it must comply with the obligations set forth in this subsection. Any Party or Non-Party that receives a Disclosure Notice, and any Party or Non-Party to whom the Receiving Party has provided the Disclosed Privileged Material, must, upon request of the Producing Party, provide to the

Producing Party a certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered, or destroyed. Within thirty (30) calendar days after the Receiving Party has returned, sequestered or destroyed the Disclosed Privileged Material, the Producing Party shall provide the Receiving Party with (i) a privilege log (the "Clawback Log") of the Disclosed Privileged Material; and (ii) if the Producing Party claims that only a portion of a document is Disclosed Privileged Material, a new copy of the document with the Disclosed Privileged Material redacted. The Clawback Log shall contain information consistent with Fed. R. Civ. P. 26(b)(5)(A).

**11.4.2.** Nothing in this Order is intended to create an obligation for a Party to conduct a privilege review of another Party's Discovery Material. However, if a Party identifies Discovery Material that it reasonably believes may be Disclosed Privileged Material belonging to another Party or Non-Party, the identifying Party is under a good-faith obligation to notify that other Party or Non-Party. Such notification will not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material. If the Party or Non-Party to which the Disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or Non-Party must provide a Disclosure Notice within fourteen (14) calendar days of receiving such notification. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows, or reasonably should know, to be Privileged Material and to inform the Producing Party that such Privileged Material has been produced.

**11.5.** Contesting a Claim of Privilege or Protection.

**11.5.1.** A Party wishing to contest a claim of privilege or protection asserted under subsections 11.4.1 and 11.4.2 of this Order (the "Contesting Party") must provide written notice to the Producing Party of each such claim it is contesting (the "Contestation Notice"). Any Contestation

Notice must expressly refer to this subsection of this Order, and must describe the basis for the contestation. The Producing Party must, within fourteen (14) calendar days of receiving a Contestation Notice, respond in writing by either: (i) agreeing to withdraw the claim of privilege or other protective; or (ii) stating the reasons for such claim. If the Contesting Party continues to dispute the claim(s) at issue, it must notify the Producing Party in writing within fourteen (14) calendar days thereafter. The Parties will attempt to resolve each contestation in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Contesting Party may proceed to the next stage of the contestation process only if he, she or it has engaged in this meet-and-confer process in a timely manner.

**11.5.2.** If the relevant Parties or Non-Parties cannot resolve a contestation without court intervention, the Contesting Party may, within fourteen (14) calendar days of impasse, move the Court for an order withdrawing the designation ("Contestation Motion). Such Contestation Motion must be filed under seal in accordance with the local rules. The Contesting Party must not assert, as a ground for compelling disclosure, the facts or circumstances of the disclosure of the Discovery Material in this Action.

**11.5.3.** The Producing Party retains the burden, upon contestation, of establishing the applicability of the claimed privilege or protection.

**11.5.4.** While a Contestation Motion is pending, all Parties and Non-Parties will continue to follow the procedures described herein, and no Party or Non-Party may use the Disclosed Privileged Material for any other purpose nor disclose it to any person other than those required by law to be served with a copy of the sealed Contestation Motion. Nothing herein limits the right of any Party or Non-Party to petition the Court for an *in camera* review of Disclosed Privileged Material.

**11.6.**   Depositions.

**11.6.1.** If, during a deposition, a Party or Non-Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, that Party or Non-Party may at his, her or its sole election (a) allow the document to be used during the deposition without waiver of his, her or its claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing the claimed Privileged Material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the Party or Non-Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties and any Non-Parties must sequester all copies of the purportedly privileged or protected document. Immediately following the deposition, the Parties and any Non-Parties will commence the procedure, including the notice and log requirements, outlined in Section 11.4, to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all Parties and Non-Parties who have access to the transcript of such deposition must treat the relevant portion of the transcript as Privileged Material. If the witness declined to answer questions concerning the document on grounds of privilege or other protection, the Parties will cooperate in promptly following the procedures outlined in Section 11.4. If the document is ultimately determined not to be privileged or subject to protection, the Party or Non-Party asserting the claim of privilege or protection will be responsible for ensuring that the deposing party is given an opportunity to depose the witness about the document at the earliest practicable time.

**11.7.**    The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Order.

## 12.    **MISCELLANEOUS**

**12.1.**    Effect of this Order.

**12.1.1.** This Order constitutes a court order within the meaning of 40 C.F.R. § 2.209(d), the Privacy Act, 5 U.S.C. § 552a(b)(11), the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i), and the Trade Secrets Act, 18 U.S.C. § 1905,.

**12.1.2.** With respect to the matter covered by this Order (confidentiality), no person may withhold documents, information, or other materials from discovery in this Action on the ground that they require protection greater than that afforded by this Order, unless that person moves for an order providing such protection.

**12.1.3.** Nothing in this Order may be construed or presented as a final judicial determination that any Protected Material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedures or otherwise until such time as the Court may rule on a specific document or issue.

**12.1.4.** Nothing in this Order shall be construed as authorizing or encouraging a Party to disobey a lawful directive from another court.

**12.2.** Documents Requested or Demanded by Non-Parties.

**12.2.1.** The Parties shall not produce Protected Material in response to any discovery request, subpoena or other request or demand except in compliance with this Order or following a decision by the Court removing the designation as Protected Material.

**12.2.2.** Nothing in this Order prohibits a Party from filing a motion with the Court seeking modification of this Order to allow the disclosure of Protected Material. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in reasonable detail the proposed disclosure.

**12.3.**    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Any Party, entity, or person covered by this Order may at any time apply to the Court for relief from any provision of this Order. Subject to the agreement of the Parties or an order of the Court, other entities or persons may be included in this Order by acceding to its provisions in a writing served upon Counsel, with such writings to be filed with the Court if so directed.

**12.4.**    Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

**12.5.**    Filing Protected Material. Without written permission from the Designating Party or a court order, a Party may not file any Confidential Information into the public record.  All Parties shall make reasonable efforts to avoid requesting the filing of Confidential Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any such Information not pertinent to the submission.  Where not reasonably possible, any Party wishing to file a document or paper containing Confidential may provisionally file such Information under seal, provided that the Designating Party then moves to seal within seven (7) days of the filing, explaining the bases for sealing the Information in question.  Failure to file a motion to seal will result in the Information be filed publicly.  While any motion to seal is pending, the document or paper containing Confidential Information shall remain under seal provisionally.

**12.5.1.1.** The provisions of this Protective Order do not apply to any hearings or trial proceedings in this Action.  The Parties will separately request the Court to enter an Order governing the handling of such materials at hearing or at trial.

**12.6.**    Reservations. Entering into, agreeing to, or complying with the provisions of this Order shall not: (1) operate as admission that any particular material contains Protected Material; or (2) prejudice any right to seek a determination by the Court (a) whether particular material should be produced, or (b) if produced, whether such material should be subject to the provisions of this Order.

**12.7.**    Rights to Inspect Certificates (Exhibit A). Unless otherwise provided herein, except in the event of a good-faith claim of violation of this Order, the Parties agree not to request copies of the certificates (attached hereto in their unexecuted form as Exhibit A) or to determine the identities of the persons signing them.

## 13.    FINAL DISPOSITION

**13.1.**    Order Continues in Force. Unless otherwise agreed or ordered, this Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

**13.2.**    Obligations at Conclusion of the Action. Within ninety (90) calendar days after the final disposition of this Action, as defined in Section 4 (DURATION), each Receiving Party, including its employees, attorneys, consultants and experts, must use commercially reasonable efforts to destroy or return to the Producing Party all Protected Material, except backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice. As used in this subsection, "all Protected Material" includes all originals, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request of the Producing Party or Designating Party, each Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that states that the Receiving Party has complied with this Section 14.2. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Materials), and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

IT IS SO ORDERED.

_____
Hon. Henry J. Ricardo, U.S. Magistrate Judge

Dated:  August 22, 2025

**STIPULATED BY:**

Dated:  August 18, 2025

By: */s/ Christoper L. Ayers*
Christopher L. Ayers
Audrey Siegel (pro hac vice)
SEEGER WEISS LLP
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: 973-639-9100
Fax: 973-679-8656
cayers@seegerweiss.com
asiegel@seegerweiss.com

Attorneys for *Plaintiffs*

Dated: August 18, 2025

By: */s/ Justin D. Lewis*
Miles D. Scully *(pro hac vice app. forthcoming)*
mscully@grsm.com
Justin D. Lewis (*pro hac vice*)
jlewis@grsm.com
GORDON REES SCULLY MANSUKHANI LLP

101 W. Broadway, Suite 2000
San Diego, CA  92101
Tel: (619) 696-6700
Fax: (619) 696-7124

Peter G. Siachos
psiachos@grsm.com
JoAnna M. Doherty
jmdoherty@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
One Battery Park Plaza, 28th Floor
New York, New York 10004
Tel: (973) 549-2500
Fax: (973) 377-1911

Attorneys for *Defendant*
L'OREAL USA, INC.

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT</u>**
**<u>TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER</u>**

      I declare under penalty of perjury that I have read in its entirety and understand the Discovery Confidentiality Order that was issued by the United States District Court for the Southern District of New York in the case, _____, Civil Action No.: _____. I agree to comply with and to be bound by all the terms of this Discovery Confidentiality Order, and any further orders of the Court about which I am notified providing for the treatment of Protected Material or materials protected or claimed to be protected by privilege or work product, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Discovery Confidentiality Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Discovery Confidentiality Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____     Signature: _____

                                   Printed name: _____